IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANGELICA QUEZADA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 22-CV-092-TCK-CDL |
| | ) |
| RONNIE RODEN, individually; | ) |
| CLINTON SCOTT WALTON, a/k/a | ) |
| "SCOTT" WALTON, Sheriff of Rogers | ) |
| County, in his official capacity; and | ) |
| KYLE BAKER, individually, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Before the Court is the Motion to Dismiss filed by the defendant Clinton Scott Walton, a/k/a "Scott" Walton, Sheriff of Rogers County, in his official capacity ("County") (Doc. 15), Plaintiff's Response (Doc. 19) and the County's Reply (Doc. 21).

**I. BACKGROUND**

Plaintiff originally brought her Petition against Ronnie Roden, individually ("Roden"), and the County, arising out of her arrest on or about October 22, 2019. (Doc. 2-2). Defendants filed their respective Motions to Dismiss, asserting that Plaintiff's Petition failed to plead sufficient facts to state a claim for relief. Plaintiff filed her Amended Complaint in response, and added Lieutenant Kyle Baker ("Baker"), in his individual capacity, as a Defendant. (Doc. 11).[1]

Plaintiff's Amended Complaint alleges that on October 22, 2019, her husband was arrested and charged with the murder of two individuals at Plaintiff's residence. (Doc. 11, ¶ 14). According to Plaintiff, she "was seen on video obtained by law enforcement not taking part in the shooting

---

[1] Baker was dismissed without prejudice on December 6, 2022 (Doc. 27) due to lack of service.

and instructing the purported shooter of the firearm to put the gun down," that she "rendered aid to one of the victims," "was obviously distraught" and "no lawful basis existed to support the arrest." (Doc. 11, ¶ 12). Plaintiff alleges she was arrested for accessory to murder, and the "explicit reason for arresting Plaintiff was that she would not speak to authorities upon their arrival," and that she "continued to refuse to cooperate." (Doc. 11, ¶ 14). Plaintiff further contends "false statements of fact and reckless omissions led to the arrest and unlawful detention[.]" (Doc. 11, ¶ 12). According to Plaintiff, she was "arrested, taken to the Rogers County jail," had to retain an attorney, post bond and sustained damages. (Doc. 11, ¶ 16). The charges against Plaintiff were dismissed on or about January 27, 2020. (Doc. 11, ¶ 16; Doc. 2-4).

Regarding Roden, Plaintiff alleges he "was the lead investigator and directed that Plaintiff be arrested[]" and that "Roden had no probable cause to direct Plaintiff to be arrested." (Doc. 11, ¶¶ 3, 15). On August 24, 2022, this Court issued an Opinion and Order Granting Defendant Roden's Motion to Dismiss (Doc. 23).

## II. MOTION TO DISMISS STANDARD

The Federal Rules of Civil Procedure require a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In a 12(b)(6) motion, the Court must "accept as true all well-pleaded factual allegations" and construe the allegations most favorable to the claimant. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). However, the Court is not "bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). To survive a motion to dismiss, the complaint must allege facts sufficient to "state a claim to relief that is plausible on its face." *Id*. A complaint is facially plausible where it sets forth sufficient facts to allow the court to draw the "reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 556 (2007)). The court must determine "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotation omitted).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice[]" to state a claim for which relief may be granted. *Iqbal,* 556 U.S. at 667 (citing *Twombly*, 550 U.S. at 540). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotations omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotations omitted). Where the court cannot infer more than a mere possibility of misconduct, accepting as true all of a plaintiff's well-pleaded factual allegations, "the complaint has alleged–but it has not 'shown'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. ANALYSIS

#### A. Municipal Liability

Plaintiff brought her section 1983 claims against Roden individually, but considering the facts alleged in the light most favorable to the Plaintiff, the Court found she has failed to show Roden's conduct violated a constitutional right actionable under section 1983. *Dodds v. Richardson*, 614 F.3d 1185, 1192 (10th Cir. 2010) (Doc. 23).

In regard to the County, a local government may be held liable under 42 U.S.C. § 1983 only when a constitutional violation was inflicted pursuant to a government policy or custom. *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 694 (1978). In addition to pleading the existence of an unconstitutional custom or policy, a plaintiff must also plead facts showing (1)

a direct causal link between the municipal action and the deprivation of federal rights and (2) that the municipal action was taken with deliberate indifference to its known or obvious consequences. See *Kramer v. Wasatch Cnty. Sheriff's Office*, 743 F.3d 726, 759 (10th Cir. 2014) (citations omitted).

Here, the Court found Plaintiff did not prove a constitutional violation by Roden. Consequently, Plaintiff cannot demonstrate the first element of a municipal liability claim -- that a County employee committed an underlying constitutional violation. Without a constitutional violation, the municipal liability claim fails, and without factual support, Plaintiff's allegations are conclusory and insufficient to support the alleged *Monell* claims against Clinton Scott Walton, in his official capacity as Sheriff of Rogers County. [2]

### IV. CONCLUSION

The Court finds Plaintiff's Complaint fails to meet the standards set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff has not set forth factual allegations sufficient to show a constitutional violation. See (Doc. 23). Further, because there was no violation of Plaintiff's constitutional rights by Roden, there is also no municipal liability. Accordingly, the County's Motion to Dismiss is granted.

**IT IS SO ORDERED this 6th day of December, 2022.**

TERENCE C. KERN
United States District Judge

---

[2] Plaintiff has asserted claims against Clinton Scott Walton in his "official capacity." Those claims are redundant of official capacity claims against Rogers County, Oklahoma. See *Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S. Ct. 3099, 3105 (1985) (quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018, 2035, n. 55, (1978) ("Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'")).